## Dodge v. Dodge.

Where it appeared that, at the time a bill in equity was drawn, through the inadvertance, misapprehension or mistake of the plaintiff or his counsel, certain facts were not stated which he deemed material, and which he supposed were stated, and by reason of the loss of a copy of the bill, certain omissions were not brought to his knowledge, until it was too late to amend the bill, it was *held*, that a supplemental bill might be filed.

In Equity. The case stated is as follows:

On the 30th of March, 1838, the defendant entered into certain agreements with, and made certain conveyances to the plaintiff relative to the disposition of the defendant's property, and the plaintiff gave him a bond or other agreement, in writing, now in the possession of the defendant, and not under the control of the plaintiff, promising that the plaintiff would assist and do certain things towards the maintenance of the defendant and his wife, and upon the death of the defendant should pay a certain legacy to a person named therein. It was expressed in the writing, or made part of the agreement, that all the property of which the defendant should die possessed, should go to the plaintiff and one John G. Dodge in equal parts.

At the time of the execution of the bond the defendant agreed that he would furnish or allow to the plaintiff a copy of it. The plaintiff has repeatedly applied to the defendant for a copy, or that he might be allowed to examine it, in order to know its contents, which the defendant refuses.

The bill prays for a specific performance of the agreement, that the defendant be decreed to give the plaintiff a copy of it, and for general relief.

The defendant appeared and answered the bill. Evidence was taken and publication passed.

The plaintiff then moved for leave to amend the bill, at the July term, 1854, but it was refused on the ground that after publication it was too late to amend.

The plaintiff then filed a supplemental bill, in which it

was stated that the defendant conveyed to the plaintiff certain real estate, and the plaintiff gave the defendant a bond conditioned for the husbandlike management of the land, the payment of one third part of the income to the defendant, and of certain small sums of money and certain legacies, the providing medical attendance, &c., for the defendant and his wife. It was also provided that the defendant should prudently manage and expend the produce and moneys delivered to him, and that the property should be divided in a certain way at his decease, and that the plaintiff and J. G. Dodge should be the residuary devisees of the estate.

The bill then charges that the defendant refuses to perform the agreement on his part, alleging that he has a right to dispose of the property as he pleases, and deprive the plaintiff of his interest in what should remain at his decease, whereas he was to use only so much of the property as was necessary for the support of himself and his wife.

The bill prays for a specific performance, and that the defendant be enjoined and restrained from alienating, squandering or improperly expending or disposing of the property which he now has, or which may come to his possession, and for general relief.

In the motion in writing, under oath made by the plaintiff for leave to file a supplemental bill, he states that when the original bill was drawn, he was advised by his counsel to state so much of the contents of the bond as he then recollected, and so much as would set forth the equity of his case, which he accordingly did, and then supposed that the contents of the bond were duly stated; but through inadvertence, misapprehension or mistake on the part of himself or his counsel, he omitted to state certain portions of the bond which he thinks should be stated, and which he supposed were stated. Also, through the loss or misplacement of a copy of the bill, the omissions therein were not brought to his knowledge until after notice was given of the

taking of depositions. Thereupon Mr. Ayer was notified that the plaintiff would move to amend the bill.

He also states the facts substantially as they appear in the supplemental bill, and alleges that since the time for amending the bill has expired he has been informed and believes that the defendant assumes to have the right to dispose of the property without regard to the interest of the plaintiff, and that he will squander and give away the property.

The plaintiff now moves for leave to file the supplemental bill stated above, and the question is whether in this state of facts this supplemental bill should properly be filed.

*Perley*, for the defendant.

The prayer of the petitioner is, that the defendant be decreed to give to the plaintiff a copy of the *writing* given by the plaintiff to the defendant, and which is now in the defendant's hands.

The supplemental bill alleges that the defendant agreed to prudently use all the property; but the relief prayed for is that he may be injoined from wasting the property.

The original bill was dated in April, 1851.

The defendant is eighty-four years old, and is confined to his bed.

This bill introduces no new facts, as having happened after the original bill was filed. No mistake is alleged.

It is a matter for the discretion of the court to decide whether the supplemental bill should be allowed, where the matter of it existed at the time of filing the original bill. Story's Eq. Pl. 268, 270, 475.

Even if the matter of the supplemental bill were proper, the court could not exercise any discretion in the case. The defendant could not answer any new matter, in the condition in which he at present is. The matter is not supplemental to the bill. It is diverse from it, and prays for a different relief. 4 Simons, 76.

The original bill states no ground for equitable relief, and

might have been demurred to.　There was at the time no suit pending or threatened, nor is it asked that it might be deposited anywhere, nor that the plaintiff wants a copy for any particular purpose.　Thus no foundation is laid for any action.　The court could not give the relief prayed for.

The writing does not purport to be signed by the defendant.

*Clark*, for the plaintiff.

In the original bill the case was defectively stated, and the supplemental bill was prayed for for the purpose of supplying the defect.

Admit that this is within the discretion of the court. The feebleness of the defendant is a reason for the interference of the court, as his condition is such that he may be improperly influenced by the people about him.

The object of our bill is that he may be prohibited from improperly disposing of the property.

GILCHRIST, C. J.　As a general rule, where an imperfection exists in the frame of the original bill, which was not discovered in time to allow of its being corrected by amendment, the rules of chancery furnish means of supplying the defect by permitting a supplemental bill to be filed.　Where the imperfection of a suit arises from a defect in the original bill, or in some of the proceedings under it, and not from any event subsequent to the institution of the suit, it may be added to by a supplemental bill merely.　Mitf. Pl. 61. In *Pedrick* v. *White*, 1 Met. 76, it was held that to warrant the filing of a supplemental bill, one class of cases was that where the facts relied on first came to the knowledge of the plaintiff, or were made known to him in such a manner that he could avail himself of them after the case had passed the stage in which he might have had leave to amend.　Another class mentioned is that where the plaintiff has been prevented through inadvertence, misapprehension, &c., of

himself, his agent, or his counsel, or other cause satisfactorily shown, from availing himself of the proposed matter of his supplemental bill at an earlier stage of the cause.

But if a plaintiff has omitted to pray for proper relief by his bill, and has not stated a case sufficient to procure an extension of the relief prayed for under the prayer for general relief, he will not, at the hearing, be permitted to file a supplemental bill for the purpose of remedying the defect. Danl. Ch. Pr. 1655; 4 Sim. 76. In the case of *Donner* v. *Fortescue*, 3 Atk. 110, Danl. Ch. Pr. 1660, the plaintiff applied for an account of the rents and profits from the time his title accrued, which was resisted on the ground that the bill did not specifically pray an account of the rents and profits, but only for general relief, but Lord *Hardwicke* held that under the prayer for general relief he was entitled to an account, and said : " But suppose the original bill to be as defective as the defendant's counsel would have it to be, could anything be more proper than to bring a supplemental bill to put this matter in issue and supply the defects, if any, in the original bill ?"

Where a bill by way of inducement only mentioned that there were fraudulent circumstances attending the case, without making a distinct charge of fraud, there being also a charge of forgery in the bill, the plaintiff sought to establish a case of fraud, which was objected to, because the fraud was not distinctly charged, but Lord *Hardwicke* permitted a supplemental bill to be filed for the purpose of charging the fraud. *Jones* v. *Jones*, 3 Atk. 110.

In the present case, the imperfection was in the framing of the bill. The plaintiff did not know that all the facts were not stated, until after the time of amending had expired. There was also some inadvertence on the part of himself or his counsel. And the authorities justify the admission of a supplemental bill in this case.